IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ANTHONY MORRIS,                    No. CIV S-02-2491-FCD-CMK-P

      Plaintiff,

   vs.                                                  FINDINGS AND RECOMMENDATIONS

CHERYL PLILER, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, bring this civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2005, the court directed plaintiff to file and serve a status report within 30 days. Plaintiff was warned that failure to file a status report may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. On November 18, 2005, the court extended the deadline for plaintiff to file his status report to December 15, 2005. Plaintiff was reminded that failure to file a status report may result in dismissal.

      Plaintiff failed to file a status report and, on January 13, 2006, the court issued findings and recommendations that this action be dismissed. Plaintiff filed objections to the dismissal findings and recommendations, claiming that he could not file a status report because

1

he did not have access to his legal property or the law library. In light of this, the court vacated the dismissal findings and recommendations on February 9, 2006, and gave plaintiff until March 15, 2006, to file a status report. Plaintiff has failed to comply.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

Having considered these factors, and in light of plaintiff's failure to file a status report as directed, the court finds that dismissal of this action is appropriate. In particular, the court finds that plaintiff has wasted the court's time and resources.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive

1 | the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 | DATED:  April 6, 2006.

```
                                    _____
                                    CRAIG M. KELLISON
                                    UNITED STATES MAGISTRATE JUDGE
```